

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

R. ERIC HUTZ

TEL (302) 658 9141
FAX (302) 658 5614
EMAIL ehutz@cblh.com
REPLY To Wilmington Office

January 15, 2009

**HAND DELIVERED**
The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 N. King Street
Room 2124, Lockbox 19
Wilmington, DE 19801

    Re:    Pegasus Development Corporation et al. v. DIRECTV, Inc. et al.
             CA No.: 00-1020(GMS)

Dear Judge Sleet:

      We represent Pegasus Development Corporation and Personalized Media Communications, L.L.C. ("PMC"), the Plaintiffs in the above-referenced matter. The Court stayed that proceeding on May 14, 2003, pending the outcome of certain reexamination proceedings instituted by the United States Patent and Trademark Office ("the PTO") regarding the patents-in-suit. At that time, the Court directed the parties to advise the Court of any decision resulting from the PTO reexamination of the patents-in-suit.

      On October 19, 2007 Plaintiffs informed the Court that the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate on October 2, 2007, which indicated that all seventy-one claims of U.S. Patent No. 5,233,654 ("the '654 patent"), one of the seven patents-in-suit, would be confirmed. The PTO is in the process of publishing the Reexamination Certificate for the '654 patent.

      On December 19, 2008 the Board of Patent Appeals and Interferences ("the BPAI") decided PMC's appeal of the reexamination examiner's rejections of various of the claims of U.S. Patent No. 4,965,825 ("the '825 patent"), another of the patents-in-suit. The reexamination examiner had previously confirmed the patentability of claims 3-13, and the


**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Honorable Gregory M. Sleet
January 15, 2009
Page 2

BPAI reversed the reexamination examiner's rejections of claims 1, 2, and 15-17. Accordingly, Plaintiffs believe that the PTO will issue a Reexamination Certificate confirming the patentability of claims 1-13 and 15-17 of the '825 patent.

On January 7, 2009, the BPAI also decided PMC's appeal of the reexamination examiner's rejections of various claims of U.S. Patent No. 5,109,414 ("the '414 patent"), another of the patents-in-suit. The BPAI reversed the reexamination examiner's rejections of claims 1, 2, 5-12, 23, and 26. Accordingly, Plaintiffs believe that the PTO will issue a Reexamination Certificate confirming the patentability of claims 1, 2, 5-12, 23, and 26 of the '825 patent.

On January 24, 2007, the law firm of Jones Day, counsel for certain of the defendants in this matter, filed a new Request for *Ex Parte* Reexamination of U.S. Patent No. 5,887,243 ("the '243 patent"), another of the patents-in-suit, seeking reexamination of claims 39 and 40.[1] On April 13, 2007 the PTO denied Jones Day's request for reexamination.

If the Court has any questions, or would like to discuss this matter in any way, please let us know.

Respectfully submitted,

R. Eric Hutz

REH\evs
Enclosure
cc:   Clerk of the Court (by hand)
      Counsel of Record

---

[1] On June 30, 2003 Thomson Inc. filed a Request for *Ex Parte* Reexamination of the '243 patent. The PTO granted Thomson's request and agreed to reexamine claims 13-17, 21-39, and 41-45 of the '243 patent. (Reexamination Control No. 90/006,688). That reexamination is presently before the BPAI on appeal.

657621_1