IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PEGASUS DEVELOPMENT CORPORATION and PERSONALIZED MEDIA COMMUNICATIONS, L.L.C. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DIRECTV, INC., HUGHES ELECTRONICS CORPORATION, THOMSON CONSUMER ELECTRONICS, INC., and PHILIPS ELECTRONIS NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) ) | C.A. No. 00-1020-GMS |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT THE STAY AND FOR A SCHEDULING CONFERENCE**

**CONNOLLY BOVE LODGE & HUTZ LLP**
R. Eric Hutz (#2702)
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Plaintiffs-Counterdefendants Pegasus Development Corporation and Personalized Media Communications, L.L.C.*

**DATED:** July 28, 2011

***Of Counsel:***
Henry C. Bunsow
hbunsow@dl.com
**DEWEY & LEBOEUF LLP**
Post Montgomery Center
One Montgomery Street, Suite 3500
San Francisco, CA 94114
Tel:  (415) 951-1100
Fax: (415) 951-1180

Joseph P. Lavelle
jlavelle@dl.com
**DEWEY & LEBOEUF LLP**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 346-8000
Fax: (202) 346-8102

Craig Y Allison
callison@dl.com
Christina M. Finn
cfinn@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel: (650) 845-7000
Fax: (650) 845-7333

# TABLE OF CONTENTS

                                                    **Page**

I.    FACTUAL BACKGROUND ................................................................................... 1

        A)    The Pre-Stay Proceedings. ......................................................................... 1

        B)    The Court's 2003 Stay Order. .................................................................... 2

        C)    The Reexamination Proceedings ................................................................ 4

        D)    The Present Motions. ................................................................................. 6

II.   THE STAY SHOULD BE LIFTED AND THE CASE PREPARED FOR TRIAL ................................................................................................................... 7

        A)    Applicable Law .......................................................................................... 7

        B)    The Stay Should be Lifted. ........................................................................ 9

        C)    The Court Should Set a Trial Date, Enter a Case Management Schedule and Hold a Scheduling Conference. ......................................... 11

CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

CASES

*Automotive Techs. Int'l, Inc. v. Am. Motor Co.*,
2009 WL 2969566, C.A. Nos. 06-187-GMS, 06-391-GMS (D. Del. Sept. 15, 2009) .................................................................................................................7

*Cherokee Nation of Okla. v. U.S.*,
124 F.3d 1413 (Fed. Cir. 1997) .........................................................................8, 9, 10

*Cooper Techs. Co. v. Thomas & Betts Corp.*,
2008 WL 906315 (E.D. Tex. 2008) ........................................................................9, 10

*Gould v. Control Laser Corporation*,
705 F.2d 1340 (Fed. Cir. 1983) ..................................................................................8

*In re Seagate Technology, LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .................................................................................5

*Innovative Office Products, Inc. v. Spaceco, Inc.*,
2008 WL 408312, C. A. No. 05-4037 (E.D. Pa. Aug. 28, 2008) ...............................9

*Landis v. North Am. Co.*,
299 U.S. 248 (1936) ..............................................................................................8, 10

*McKnight v. Blanchard*,
667 F.2d 477 (5th Cir. 1982) ......................................................................................8

*Sovereign Software LLC v. Amazon.Com, Inc.*,
356 F. Supp. 2d 660 (E.D. Tex. 2005) .......................................................................8

*St. Clair Intellectual Property Consultants, Inc. v. Siemens AG*,
2008 U.S. Dist. LEXIS 82106, C.A. No. 06-403-JJF-LPS (D. Del. Oct. 15, 2008) ........................................................................................................................7

*The Ohio Willow Wood Co. v. Alps South Corp.*,
2009 U.S. Dist. LEXIS 12463, C.A. No. 2:05-cv-1039 (S.D. Ohio Feb. 5, 2009) ........................................................................................................................8

*Wedgeworth v. Fibreboard Corp.*,
706 F.2d 541 (5th Cir. 1983) ......................................................................................8

*Wyeth v. Abbott Laboratories*,
2011 WL 380902, C.A. No. 09-4850 (JAP) (D.N.J. Feb. 1, 2011) ...........................9

Plaintiffs Pegasus Development Corporation ("Pegasus") and Personalized Media Communications, LLC ("PMC") (collectively, "Plaintiffs") file this memorandum in support of their motion to lift the stay that has been in place for over eight (8) years. Plaintiffs also ask the Court to conduct a scheduling conference and set a trial date in Spring 2012 or as soon thereafter as is convenient to the Court's schedule.

The stay entered by the Court has achieved its intended objective of narrowing the issues and providing the Court with the benefit of guidance from the United States Patent and Trademark Office ("PTO"). Continuing the stay at this point severely prejudices Plaintiffs, who have been denied their day in court for over a decade. The Court should lift the stay, set a schedule, and the parties should prepare this case for trial.

I.   **FACTUAL BACKGROUND**

   A)   **The Pre-Stay Proceedings.**

Plaintiffs filed this patent infringement action in December 2000. (D.I. 1).[1] Bill Clinton was the President then. The original complaint asserted infringement of seven patents. However, as explained below, as a result of the reexaminations, when the stay is lifted, plaintiffs intend to assert only four patents and approximately eight claims – a very manageable case by comparison.

Trial in this matter was originally set for December 2002. (D.I. 61). However, the original schedule was revised several times and, at the time the stay was entered, the matter was scheduled for trial in February 2004. (Stay Memorandum and Order, D.I. 514, at 1 (hereafter "Stay Order")). The parties had conducted extensive discovery and

---

[1] Plaintiff PMC first put the Direct TV defendants on notice in 1995. Declaration of R. Eric Hutz in Support of Plaintiffs' Motion to Lift the Stay and For a Scheduling Conference (Hutz Decl.), filed concurrently with exhibits, Ex. A, ¶ 1. It has waited over 16 years to have its day in court on this claim.

were only a few months from the close of fact discovery when the case was stayed. A *Markman* proceeding was held before now-deceased Special Master Harmon in March 2003. (D.I. 472-74). The Special Master filed an extensive report containing his proposed claim construction in late-March 2003. (D.I. 451). All parties had filed their objections to the report and they were before the Court for consideration. (D.I. 457, 458, 495, 496, 502, 503).

At about the same time, in February and March 2003, defendant Thomson Consumer Electronics[2] filed *ex parte* requests for reexamination on U.S. Patent Nos. 4,965,825 ("'825 patent") and 5,335,277 ("'277 patent"). (Stay Order at 1). Many more reexamination requests have been thereafter filed.[3] On April 14, 2003, Defendants filed a motion to stay this case pending the reexamination proceedings. (D.I. 459). Plaintiffs opposed the motion citing the unreasonable delay by Defendants in the conduct of the case and the advanced stage of the proceeding. (D.I. 488).

**B)      The Court's 2003 Stay Order.**

On May 14, 2003, over eight years ago, the Court stayed the case pending reexamination. (D.I. 514). In determining the stay was appropriate, the Court considered the following factors:

   (1)   Whether the stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party;

   (2)   Whether the stay would simplify the issues and the trial of the case; and

   (3)   Whether discovery was complete and trial date was set.

(Stay Order at 2, citing cases).

---

[2] Thomson Consumer Electronics, Inc., previously renamed Thomson Multimedia, Inc., is now known as Technicolor USA, Inc. (D.I. 544).
[3] In total, 16 requests for reexaminations were filed regarding the seven patents in suit. (*See* Hutz Decl., Ex. B, at ¶ 3.)

2

The Court's order noted the large number of related patent applications filed and that the PTO was already very experienced with the patent applications. (*Id.* at 3). The Court found it desirable for the prior art to first be considered by the PTO. (*Id.*) The Court also anticipated that the stay might result in a simplification or reduction of the issues and noted that, given the large number of related applications and involved prosecution histories of the patents in suit, it made sense to permit "an additional layer of review by the PTO" before expending further judicial resources. (*Id.* at 4).

At the same time, the Court recognized that some additional delay would result and that the case "has suffered several delays already, as well as considerable distress to the plaintiffs." (*Id.*). The Court also noted that: **"The Court is sensitive to plaintiff's right to have their day in court."** (*Id.* (emphasis added)). Nonetheless, the Court found that, at the time, weighing of the relevant factors tipped in favor of granting a stay. (*Id.* at 6). The Court concluded that while it "regrets a further delay in the present case, it is confident that the advantages of a stay outweigh the costs." (*Id.*). What the Court did not know at the time is the extent to which the case would be delayed by defendants' tactic of filing seriatim requests for reexamination ad infinitum.

Unquestionably, when the stay was entered, the Court did not anticipate or expect that the stay would be in place eight years.[4] In a December 2002 hearing, counsel for DirecTV told the Court that reexamination proceedings would take 18 or 19 months!

> Mr. Savikas: But we wanted to let you know that we might file this, I guess there is [sic] two or three petitions for reexamination in the PTO. <u>That process, as I understand, takes 18 to 19 months under their accelerated schedule.</u>

---

[4] In fact, it appears that this case is the oldest active patent infringement case on this Court's docket. (*See* Hutz Decl., Ex. C, at ¶ 4.)

(Dec. 2, 2002 Tr. at 34, emphasis added). In a February 2003 hearing, counsel for defendants told the Court that the reexamination process would take "18 months" or "2.5 years or less." (Feb. 5, 2003 Tr. at 148, 150-51). No defendant ever told the court that multiple, serial reexaminations would be filed or that the process would drag on for eight years.

### C) The Reexamination Proceedings.

Over the past eight years, 16 separate requests for re-examination have been submitted to the PTO concerning the patents in suit.[5] The original 2003 reexamination proceeding with respect to the '825 patent that was the subject of Defendants' motion to stay concluded in November 2009 – nearly two years ago. (*See* Hutz Decl., Ex. D, at ¶ 5.) However, when the PTO found asserted claims of the '825 patent valid, Defendants filed two additional reexamination requests on the same patent. (*See id.*, Exs. E-F, at ¶¶ 6-7.) The same is true of the '414 patent. (*See id.*, Exs. G-I, at ¶¶ 8-10.) The PTO is now considering the *third* reexamination request of claim 17 of the '825 patent it has already found to be patentable on three separate occasions - once in the original examination and twice more in reexaminations. (*See id.*, Exs. D and J, at ¶¶ 5 and 11.) With respect to the '414 patent, the PTO has now completed two reexaminations without cancelling or amending a single claim. Yet, the PTO is now reviewing a *third* request for reexamination of the '414, filed on June 15, 2011 – only eight days after the second '414 reexamination certificate issued. (*See id.*, Exs. I and K, at ¶¶ 10 and 12.) Plainly, the law of diminishing returns applies here. There is little to be gained by further reexamination of these patents. The likelihood that a third or fourth review by the PTO of the same

---

[5] A request to reexamine Patent No. 5,887,243, filed January 25, 2007, was denied. (*See id.*, Ex. L, at ¶ 13.) Where pending reexaminations concerned the same underlying patent, the PTO merged the reexamination proceedings. (*See id.*, Ex. O, at ¶ 16.)

4

patent is likely to change the PTO's view on validity or assist the Court in its consideration of the issues becomes increasingly speculative and remote.

The reexamination process did result in a substantial narrowing of the issues, as the Court anticipated when it granted the stay. The asserted claims of two of the patents – the '490 and the '243 patents – were cancelled in reexamination, and those patents will not be part of this case when the stay is lifted. Plaintiffs did not assert any claims in the '725 patent, so that patent will also not be part of the case going forward. Also, some of the claims previously at issue in the '825 and '277 patent were cancelled in reexamination, reducing substantially the number of claims at issue. In all, three of the seven patents originally asserted against Defendants will no longer be at issue in the proceedings, and the number of asserted claims has been reduced from 19 to eight.

However, important patents in the Plaintiffs' portfolio have had their patentability confirmed. Claim 17 of the '825 patent has had its patentability confirmed in two reexamination proceedings. The same is true of the claims at issue in the '414 patent. (*See id.*, Exs. G and K, at ¶¶ 8 and 12.) Also, the patentability of the claims at issue in the '654 patent was confirmed by the PTO. (*See id.*, Ex. M, at ¶ 14.) And claim 12 of the '277 patent has been confirmed as patentable by the PTO Board of Patent Appeals and Interferences. (*See id.*, Ex. N, at ¶ 15.) Hence, these eight claims in four patents have been subjected to extensive reexamination proceedings and found to be patentable. At long last, Plaintiffs should now be given their day in court on these claims.[6]

---

[6] In October, 2007, following the Federal Circuit decision in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), Plaintiffs moved for limited relief from the stay to pursue a preliminary injunction on the '654 patent to remedy what Plaintiffs contended was willful infringement. The Court denied that motion. (D.I. 539). The Court found that at that time only one patent had received a Notice of Intent to Issue a Reexam Certificate and that Plaintiff had significantly delayed in requesting a preliminary injunction. (*Id.*)

The following chart summarizes the status of the reexaminations:

| U.S. Patent No. | Claims Asserted Prior to Reexaminations | Status |
|---|---|---|
| 4,694,490 | 4 | Cancelled in Reexamination |
| 4,704,725 | Withdrawn by plaintiffs. *See* D.I. 533 | Cancelled in Reexamination |
| 4,965,825 | 14 | Cancelled in Reexamination |
| | 17 | Patentability confirmed in first reexamination. Patentability confirmed again in second reexamination. Presently undergoing third reexamination (initiated October 8, 2010). |
| 5,109,414 | 1, 2, 5, and 7 | Patentability confirmed in first reexamination. Patentability confirmed again in second reexamination. Third request for reexamination presently under review (initiated June 15, 2011). |
| 5,233,654 | 10 and 70 | Patentability confirmed in reexamination |
| 5,335,277 | 7, 13, 17, and 18 | Board of Patent Appeals and Interferences ("BPAI") affirmed examiner's rejections. Claim 7 on appeal to CAFC. |
| | 12 | BPAI reversed examiner's rejections. |
| 5,887,243 | 14, 21, 30, and 41 | Cancelled in Reexamination. |

### D)   The Present Motions.

After eight years of reexaminations, it is apparent that the PTO proceedings have narrowed this dispute and at the same time confirmed that claims at issue in the '414, '825, '277 and '654 patents are patentable. Further delay while follow on reexaminations are filed severely prejudices plaintiffs while having little realistic chance of materially changing the PTO's now exhaustive analysis of these claims. Thus, Plaintiffs seek to lift the stay and resume the litigation. Plaintiffs presently intend to assert only these four patents, which will greatly simplify the case.

Plaintiffs also request that the Court set a trial date at the Court's convenience in Spring 2012, or as soon thereafter as is convenient, and direct the parties to negotiate a revised scheduling order leading up to a Spring 2012 trial. Plaintiffs believe that, while some discovery will be needed as to the accused products used during the eight years of the stay, discovery should start immediately and the case prepared for a trial in early-2012. The case is over ten years old, is the oldest active patent case on this Court's docket and needs to finally be brought to a conclusion.

## II. THE STAY SHOULD BE LIFTED AND THE CASE PREPARED FOR TRIAL

### A) Applicable Law

In determining whether to stay a matter pending reexamination, this Court considers three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." (Stay Order at 1, D.I. 514). *Accord, St. Clair Intellectual Property Consultants, Inc. v. Siemens AG*, 2008 U.S. Dist. LEXIS 82106, C.A. No. 06-403-JJF-LPS, at *1 (D. Del. Oct. 15, 2008).

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Automotive Techs. Int'l, Inc. v. Am. Motor Co.*, 2009 WL 2969566, C.A. Nos. 06-187-GMS, 06-391-GMS, at *2 (D. Del. Sept. 15, 2009) (citation omitted). This Court has noted that "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Id.* at *2 (citation omitted). That is clearly the situation here.

It is appropriate to lift the stay when a defendant is filing multiple reexamination requests in an effort to convert the stay into what amounts to an indefinite stay. In such instances, the plaintiff is unduly prejudiced and tactically disadvantaged due to defendant's abuse of the reexamination process which improperly delays the pending litigation. For example, in *The Ohio Willow Wood Co. v. Alps South Corp.*, 2009 U.S. Dist. LEXIS 12463, C.A. No. 2:05-cv-1039, at *5 (S.D. Ohio Feb. 5, 2009) the court lifted a stay pending reexamination after defendant made a fourth reexamination request. The court explained that "[a]buse of the reexamination process . . . cannot be rewarded by an indefinite stay of litigation to the prejudice of the patent holder." *See also Sovereign Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005). In this case, Defendants have made it clear through their conduct that they will continue filing reexamination requests into the future so long as they result in continuing the stay – indefinitely.

A stay may become an abuse of discretion if it is "immoderate or indefinite" in term. *See Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936) ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits"); *Gould v. Control Laser Corporation*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) ([a] stay for a "protracted or indefinite period" is an abuse of discretion"); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (holding that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration").

The Federal Circuit applies the same rule. In *Cherokee Nation*, the Federal Circuit stated that "a trial court abuses its discretion by issuing 'a stay of indefinite

8

duration in the absence of a pressing need.'" *Cherokee Nation of Okla. v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (recognizing "the court's paramount obligation to exercise jurisdiction timely in cases properly before it."). *See also McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982) (vacating a potentially 14-year stay after concluding that the stay was indefinite).

Additionally, where it is likely that some of the claims will survive the reexamination proceeding, "waiting for the completion of the reexamination may only simplify the case to a limited degree" and is thus "speculative and does not support a stay." *Cooper Techs. Co. v. Thomas & Betts Corp.*, 2008 WL 906315, at *1 (E.D. Tex. 2008) (denying defendant's motion to stay the action pending completion of the reexamination proceedings); *see also Wyeth v. Abbott Laboratories*, 2011 WL 380902, C.A. No. 09-4850 (JAP), at *3 (D.N.J. Feb. 1, 2011); *Innovative Office Products, Inc. v. Spaceco, Inc.*, 2008 WL 408312, C. A. No. 05-4037, at *4 (E.D. Pa. Aug. 28, 2008) ("The reexaminations do have the potential for simplifying the remaining issues in this case, but at the expense of placing the suit on hold for another year or more. The potential irreparable harm far outweighs the slight chance that all claims will be cancelled.").

### B) The Stay Should be Lifted.

This case has been stayed for over eight years. But, "the court's paramount obligation [is] to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. Plaintiff has been denied its day in court for over a decade; that fact is entitled to substantial weight in the Court's determination to lift the stay.

The stay that the Court entered in May 2003 has achieved its objectives. The Court now has the benefit of the PTO's expert view that the '825, '414, '277 and '654

patents contain claims that, after extensive review, are patentable. The stay has also achieved the Court's intended goal of narrowing the scope of the dispute. Certain patents were cancelled in reexamination and other claims Plaintiffs have chosen not to assert. The benefits the Court foresaw from a stay in 2003 have long been achieved.

Continuing the stay is unlikely to further streamline the case or further narrow the issues to be tried. The '825 and '414 patents have been found patentable in two reexaminations. The PTO has likewise confirmed the patentability of the '654 patent. And the PTO Board of Patent Appeals and Interferences has placed its stamp of approval on claim 12 of the '277 patent. After years of extensive review, and ample opportunity for Defendants to challenge the patents, the PTO has found patentable subject matter in these four patents. The likelihood that further reexamination proceedings are going to change this seems small and, in any event, highly speculative. *See Cooper Techs. Co. v. Thomas & Betts Corp.*, 2008 WL 906315, at *1 (E.D. Tex. 2008).

On the other hand, the prejudice to Plaintiffs from continuing the stay is obvious, palpable, and impossible to ignore. PMC put defendants on notice of their infringement in 1995.[7] Sixteen years later, it still wants a day in court. The case has been pending over a decade and stayed for over eight years. These plaintiffs deserve a day in court before a jury.

Defendants have vividly revealed their intent to perpetuate the stay simply by filing additional reexaminations. The intended effect is that the stay will become indefinite. Such indefinite stays are normally prohibited, and there is no supervening

---

[7] *See, e.g.*, Letter to John C. McNett (outside Thomson counsel) from Thomas J. Scott (outside PMC counsel) (Oct. 31, 1995); Letter to Wanda Denson-Lowe (Vice-President and Assistant General Counsel for Hughes Electronics Corp.) from Thomas J. Scott (Sept. 15, 1995) (putting Direct TV on notice that it "does not have any license, including an implied license, to use PMMC's patented methods by virtue of the sale of DSS equipment."). (*See* Hutz Decl., Ex. A, at ¶ 2.)

justification here for a stay of indefinite duration. *Landis; Cherokee Nation, supra.* We respectfully submit that, given that the stay has already been in effect for over eight years, allowing it to continue indefinitely would be an abuse of discretion.

The changed circumstances since the stay was entered in 2003, together with the long passage of time, justify lifting the stay today. The stay pending reexamination has served its purpose in narrowing the case and getting the benefit of the PTO's guidance. Any potential advantages of continuing the stay no longer outweigh the prejudice to Plaintiffs. At this point, the stay should be lifted and the case should proceed to conclusion.

### C) The Court Should Set a Trial Date, Enter a Case Management Schedule and Hold a Scheduling Conference.

Together with lifting the stay, Plaintiffs request that the Court set a trial date for this matter. Plaintiffs believe this case can be ready for trial in Spring 2012 if discovery starts immediately. Plaintiffs request that the Court lift the stay, allow discovery to resume immediately and order the parties to submit an agreed upon scheduling order leading to a trial in Spring 2012. Plaintiffs also request a scheduling conference with the Court if one is needed to resolve any disputes regarding the schedule.

Some discovery will be needed to understand the changes in the accused products in the years the stay has been in effect and to bring Defendants' sales and revenues garnered through their infringements up to date. However, Plaintiffs are confident that the case can be ready for trial in Spring 2012 with minimal cooperation from Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court lift the stay and set a schedule to cause this case to proceed to trial. Plaintiffs also respectfully request that the Court hear oral argument on this motion.

Respectfully Submitted,

By: /s/ R. Eric Hutz
R. Eric Hutz (#2702)
CONNOLLY, BOVE, LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Plaintiffs-Counterdefendants Pegasus Development Corporation and Personalized Media Communications, L.L.C.*

**Of Counsel:**
Henry C. Bunsow
hbunsow@dl.com
**DEWEY & LEBOEUF**
Post Montgomery Center
One Montgomery Street, Suite 3500
San Francisco, CA 94114
Tel: (415) 951-1100
Fax: (415) 951-1180

Joseph P. Lavelle
jlavelle@dl.com
**DEWEY & LEBOEUF**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 346-8000
Fax: (202) 346-8102

Craig Y Allison
callison@dl.com
Christina M. Finn
cfinn@dl.com
**DEWEY & LEBOEUF LLP**
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Tel:  (650) 845-7000
Fax:  (650) 845-7333

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2011, a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT THE STAY AND FOR A SCHEDULING CONFERENCE** was caused to be served on counsel for defendants in the manner indicated:

*Attorneys for Philips Electronics North America Corporation*

| | |
|---|---|
| **CM/ECF AND HAND DELIVERED**<br>Steven J. Balick, Esquire<br>Steven T. Margolin, Esquire<br>**ASHBY & GEDDES**<br>500 Delaware Avenue, P.O. Box 1150<br>Wilmington, DE 19899 | **FEDERAL EXPRESS**<br>Brian J. McNamara, Esquire<br>Kenneth E. Krosin, Esquire<br>**FOLEY & LARDNER LLP**<br>3000 K Street, N.W., Suite 500<br>Washington, D.C. 20007-5109 |

*Attorneys for TVG-PMC, Inc., Starsight Telecast, Inc. and Gemstar-TV Guide International, Inc.*

| | |
|---|---|
| **CM/ECF AND HAND DELIVERED**<br>Philip A. Rovner, Esquire<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market St., P.O. Box 951<br>Wilmington, DE 19899-0951 | **FEDERAL EXPRESS**<br>Morris Waisbrot, Esquire<br>William F. Haigney, Esquire<br>**HOGAN & HARTSON LLP**<br>875 Third Avenue<br>New York, NY 10022 |

*Attorneys for DIRECTV, INC., Hughes Electronics Corporation* and *Technicolor USA, Inc.*

| | |
|---|---|
| **CM/ECF AND HAND DELIVERED**<br>Karen Jacobs Louden, Esquire<br>**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>1201 N. Market St., P.O. Box 1347<br>Wilmington, DE 19899-1347 | **FEDERAL EXPRESS**<br>Victor G. Savikas, Esquire<br>Kevin G. McBride, Esquire<br>Marsha Durko, Esquire<br>Michael Newton, Esquire<br>**JONES DAY**<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071 |
| **FIRST-CLASS MAIL**<br>A. J. Usher IV, Esquire<br>Law Office of A.J. Usher IV, LLC<br>P.O. Box 44126<br>Indianapolis, IN 46244-0126 | **FEDERAL EXPRESS**<br>Peter C. McCabe, III, Esquire<br>Raymond C. Perkins, Esquire<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Drive<br>Chicago, Illinois 60601 |

**FEDERAL EXPRESS**
John C. McNett, Esquire
**WOODARD, EMHARDT, MORIARTY,
MCNETT & HENRY LLP**
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137

*Attorneys for Movant, Scientific-Atlanta Inc.*
**CM/ECF AND HAND DELIVERED**
Edward M. McNally, Esquire
**MORRIS JAMES LLP**
500 Delaware Avenue
Suite 1500, P.O. Box 2306
Wilmington, DE 198999-2306

*Attorneys for Pegasus Development Corp. and Personalized Media Communications, LLC.*

| | |
|---|---|
| **ELECTRONIC MEANS**<br>Henry C. Bunsow<br>hbunsow@dl.com<br>**DEWEY & LEBOEUF**<br>Post Montgomery Center<br>One Montgomery Street, Suite 3500<br>San Francisco, CA 94114 | **ELECTRONIC MEANS**<br>Joseph Lavelle<br>jlavelle@dl.com<br>**DEWEY & LEBOEUF**<br>1101 New York Avenue, NW<br>Washington, DC 20005 |

**ELECTRONIC MEANS**
Craig Y. Allison
callison@dl.com
Christina M. Finn
cfinn@dl.com
**DEWEY & LEBOEUF**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303

/s/ R. Eric Hutz
R. Eric Hutz (#2702)

4408439