# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEGASUS DEVELOPMENT CORPORATION and PERSONALIZED MEDIA COMMUNICATIONS, L.L.C., | )<br>)<br>)    C.A. No. 00-1020-GMS<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    JURY TRIAL DEMANDED<br>)<br>) |
| DIRECTV, LLC, HUGHES ELECTRONICS CORPORATION, TECHNICOLOR USA, INC., and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |
| AND RELATED COUNTERCLAIMS | ) |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs Pegasus Development Corporation ("Pegasus") and Personalized Media Communications, L.L.C. ("PMC") (collectively "Plaintiffs"), by and through their attorneys, hereby respectfully request a jury trial and complain of Defendants DIRECTV, LLC[1] ("DIRECTV"), Hughes Electronics Corporation ("HEC"); Technicolor USA, Inc.[2] ("Technicolor"); and Philips Electronics North America Corporation ("Philips") (collectively "Defendants"), as follows:

---

[1] On January 1, 2012, the entity named in the original complaint, defendant DIRECTV, Inc., merged with and into DIRECTV, LLC, which was substituted as a defendant in this action. *See* Docs. 606, 607.

[2] On March 1, 2011, the entity named in the original complaint, defendant Thomson Consumer Electronics, Inc., informed the Court of its name change to Technicolor USA, Inc. Doc. 544.

**NATURE OF THE ACTION**

1.  This is an action for patent infringement under 35 U.S.C. § 271 and to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, services and/or systems that fall within the scope of Plaintiffs' patented automated broadcast control systems, and Plaintiffs' patented signal processing apparatuses and methods. Plaintiffs seek a recovery of monetary damages, provided that no damages are to be awarded from DIRECTV for the transmission, in accordance with the terms of the 1992 NRTC Agreement, of: (i) any HCG Controlled Programming (as defined by the 1992 NRTC Agreement); and/or (ii) any NRTC Controlled Services (as defined by the 1992 NRTC Agreement); and/or (iii) DBS Services and/or Non Select Services (each as defined in a Member Contract, which is in turn defined in the 1992 NRTC Agreement) delivered under a Member Contract. Defendants are using Plaintiffs' patented technology with actual knowledge of Plaintiffs' patent rights, and are acting in willful disregard thereof. Therefore, the damages awarded to Plaintiffs should be trebled, and Plaintiffs should be awarded their attorneys' fees, costs, and expenses for this exceptional case.

**THE PARTIES**

2.  Plaintiff PMC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 110 East 42nd Street, Suite 1704, New York, New York 10017-5611.

3.  Plaintiff PMC is the lawful assignee of the patents in suit, which are U.S. Patent Nos. 4,965,825 (the "'825 Patent"); 5,109,414 (the "'414 Patent"); 5,233,654 (the "'654 Patent"); and 5,335,277 (the "'277 Patent"),[3] all of which are entitled "Signal Processing Apparatus and Methods," and all of which were lawfully issued to John C. Harvey and James W. Cuddihy as named inventors (collectively, "the Patents-in-Suit" or "Harvey Patents").

---

[3] Plaintiffs are no longer asserting U.S. Patent Nos. 4,694,490; 4,704,725; and 5,887,243 in this action.

4. PMC is in the business of designing, patenting, and licensing personalized communications and media technology that covers apparatus and processes that integrate broadcast communication networks with computer processing hardware and software capabilities, thereby enabling control over and personalization of the programming content received and displayed on a display, such as a television receiver.

5. Pegasus is a corporation organized and existing under the laws of the State of Delaware.

6. PMC Satellite Development, L.L.C. ("PMC Satellite") was granted an exclusive field-of-use license from PMC under the Harvey Patents to provide satellite communication services to consumers. Under this license, PMC Satellite holds the exclusive right to sublicense the Patents-in-Suit within the designated field-of-use, as well as the right to enforce these patents in this field-of-use.

7. Plaintiff Pegasus has been granted an exclusive sublicense by PMC Satellite to utilize the technology covered by the Patents-in-Suit within the designated field-of-use, which includes the communication of programming services through a satellite communication system to a consumer. Under this sublicense, PMC Satellite granted to Pegasus all of its rights to enforce the Patents-in-Suit within the designated field-of-use. Pegasus is a subsidiary of Xanadoo Company (formerly Pegasus Communications Corporation).

8. DIRECTV is a limited liability corporation organized and existing under the laws of the State of California, with its principal place of business at 2230 East Imperial Highway, El Segundo, California 90245. On April 4, 2012, DIRECTV was substituted for DIRECTV, Inc. as a defendant in this action. DIRECTV provides, *inter alia*, digital broadcast television services via satellite directly to consumers from its automated satellite uplinking facilities situated in at least the following locations: Long Beach, California; Marina del Rey, California; and Castle Rock, Colorado. On information and belief, defendant DIRECTV is a subsidiary of Hughes Electronics Corporation ("HEC"), which itself is a subsidiary of General Motors Corporation.

9. HEC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 200 North Sepulveda Boulevard, El Segundo, California, 90245. On information and belief, Hughes Network Systems, Inc. ("HNS") is a division of HEC. HNS was a separate, independent corporation until it was acquired by HEC in 1997. HNS was an originator of the DirecTV system, which includes the provision of broadcast services directly to consumers via satellite. On information and belief, HEC supplied equipment and systems used in DIRECTV's Southern California and Colorado satellite uplinking facilities to provide the broadcasts originating from Southern California and Colorado. HEC, through its HNS division, also makes and sells Integrated Receiver Decoders ("IRDs") for receiving transmissions from a Direct Broadcast Satellite ("DBS") of the video, audio and/or data service offered by DIRECTV from the Southern California and Colorado satellite facilities. HEC, as stated in paragraph 8 herein, is also the parent company of DIRECTV.

10. On information and belief, Defendant HEC is a successor in interest to United States Satellite Broadcasting, Co. ("USSB"), having acquired USSB in 1999. USSB was an operator of a DBS system and made, used, sold and offered for sale video, audio and data services via DBS satellite transmission to the same IRDs that are used in connection with the provision of DirecTV's services.

11. Defendant Technicolor is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana 46290. On information and belief, Technicolor is a manufacturer of IRDs that are used in conjunction with the DirecTV system. Technicolor was formerly known as Thomson Consumer Electronics, Inc.

12. Defendant Philips is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1251 Avenue of the Americas, New York, New York, 10020. On information and belief, Philips is a manufacturer and/or seller of IRDs that are used in conjunction with the DirecTV system.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Each of the Defendants is subject to personal jurisdiction in the State of Delaware pursuant to Del. Code Ann. § 3104 because each Defendant is regularly and systematically transacting business in the State of Delaware, consisting in part of the sale of products and/or services nationally, and each Defendant has committed acts of infringement within the State of Delaware.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 139l(b), 139l(c), 1391(d), and 1400(b) because all Defendants have committed acts of infringement in this district, and Defendants Technicolor, HEC and Philips reside in this district.

**FACTUAL BACKGROUND**

**Overview of the Signal Processing Apparatuses and Methods of the Patents-in-Suit**

16. This case involves pioneering forms of media and communications technologies which enable users to customize and personalize the processing of a broadcast transmission, and to receive and exert far greater control over a wider variety of displayed content than had ever before been possible. The inventions also involve pioneering forms of computerized control technologies that are used to automate the receipt, storage, scheduling and rebroadcast of various forms of television programming and other media to end users. These technologies are the inventions of John C. Harvey and James W. Cuddihy. Almost twenty years prior to filing of the Original Complaint, when the personal computer age was in its infancy, Messrs. Harvey and Cuddihy foresaw the great potential that existed for overcoming the inherent limitations of broadcast media. They envisioned systems and processes that would enhance broadcast media's unmatched ability to convey general information to large audiences by combining it with computer processes at the broadcast and end user sites to allow almost unlimited flexibility of programming choices from a variety of sources, as well as the generation of information of specific relevance to each user in the broadcast audience.

17. To realize these media, Messrs. Harvey and Cuddihy envisioned detailed concepts for systems and processes that join the capacities of broadcast communications and computer processing by using data and control signals embedded in a broadcast transmission. Messrs. Harvey and Cuddihy created a system within which such computerized systems, and the data and control systems that run them, support an automated, intermediate broadcast facility that receives television programming from a variety of broadcast and terrestrial sources, processes and stores this programming input, and through a sophisticated computerized switching operation, retrieves the programming input and broadcasts it to consumers either over terrestrial cable lines, or via satellite. They further envisioned that such a broadcast transmission could be encrypted for conditional access, authorization control, and billing purposes.

18. These inventions also relate to "personalized" media systems and processes which would utilize (1) a sophisticated, automated broadcast communications infrastructure to encode digital control information into programming materials and deliver the new personalized media either over a terrestrial cable, or via satellite, and (2) "smart" receivers to implement the new personalized media systems and processes through the processing of the digital control signals embedded into a broadcast transmission, which would control the further processing of the broadcast transmission to deliver content to an end user which was either for general viewing, or which was personalized for such end user. The inventors duly disclosed their inventions in the form of the Patents-in-Suit.

19. United States Patent No. 4,694,490 ("the '490 patent"), entitled "Signal Processing Apparatus and Methods," was duly and legally issued to John C. Harvey and James V. Cuddihy on September 15, 1987 from U.S. Patent Application, Serial No. 317,510, filed November 3, 1981 (the "1981 Harvey Application"). PMC is the assignee of the '490 patent, PMC Satellite is the exclusive field-of-use licensee of PMC, and Pegasus is the exclusive field-of-use sublicensee of PMC Satellite. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the

use of IRDs in conjunction with the provision of the satellite communications services. The '490 Patent is no longer being asserted in this action.

20. The first Patent-in-Suit, the '825 Patent, entitled "Signal Processing Apparatus and Methods," was duly and legally issued to John C. Harvey and James V. Cuddihy on October 23, 1990, and claims the benefit under 35 U.S.C § 120 of the priority date of the 1981 Harvey Application. PMC is the assignee of the '825 Patent, PMC Satellite is the exclusive field-of-use licensee of PMC, and Pegasus is the exclusive field-of-use sublicensee of PMC Satellite. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of the satellite communications services.

21. The second Patent-in-Suit, the '414 Patent, entitled "Signal Processing Apparatus and Methods," was duly and legally issued to John C. Harvey and James V. Cuddihy on April 28, 1992, and claims the benefit under 35 U.S.C § 120 of the priority date of the 1981 Harvey Application. PMC is the assignee of the '414 Patent, PMC Satellite is the exclusive field-of-use licensee of PMC, and Pegasus is the exclusive field-of-use sublicensee of PMC Satellite. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of the satellite communications services, including the use of IRDs in conjunction with the provision of satellite communications services.

22. The third Patent-in-Suit, the '654 Patent, entitled "Signal Processing Apparatus and Methods," was duly and legally issued to John C. Harvey and James V. Cuddihy on August 3, 1993, and claims the benefit under 35 U.S.C § 120 of the priority date of the 1981 Harvey Application. PMC is the assignee of the '654 Patent, PMC Satellite is the exclusive field-of-use licensee of PMC, and Pegasus is the exclusive field-of-use sublicensee of PMC Satellite. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of the satellite communications services.

23. The fourth Patent-in-Suit, the '277 Patent, entitled "Signal Processing Apparatus and Methods," was duly and legally issued to John C. Harvey and James V. Cuddihy on August 2, 1994, and claims the benefit under 35 U.S.C § 120 of the priority date of the 1981 Harvey Application. PMC is the assignee of the '277 Patent, PMC Satellite is the exclusive field-of-use licensee of PMC, and Pegasus is the exclusive field-of-use sublicensee of PMC Satellite. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of the satellite communications services.

**Defendants' Products, Services, and Systems Infringe Plaintiffs' Patents**

24. Defendants DIRECTV and HEC manufacture and use a DBS system and offer for sale, sell and provide services which directly or contributorily infringe, are used to conduct processes which infringe, or which induce others to infringe, one or more claims of the Patents-in-Suit. The DBS system generally receives program content at a broadcast reception and satellite uplinking facilities located in Southern California and Castle Rock, Colorado and transmits such program content, via satellite, to millions of remote IRDs located in subscribers' homes and businesses throughout the United States and Latin America. For example, such program content may be received at the Southern California or Colorado uplinking facilities as broadcast transmission "turn arounds" directly from media sources such as CBS, NBC, ABC, CNN, etc., or it may be provided by motion picture studios or broadcast television networks via digital video tape to be stored and archived for later use.

25. Defendants DIRECTV and HEC also directly infringe, contribute to infringement, or induce others to infringe one or more claims of the Patents-in-Suit by transmitting and using a DBS signal specifically encoded to enable the subject IRDs to function in a manner that infringes the patents in suit, and by selling and offering for sale services via DBS transmission processes which infringe the Patents-in-Suit.

26. Defendants HEC, Technicolor and Philips manufacture, use, sell, offer to sell and/or import into the United States for subsequent sale or use IRDs for use with the DirecTV

system that directly and/or contributorily infringe, are used to conduct processes which infringe, or which induce others to infringe one or more claims of the Patents-in-Suit.

### Defendants Have Been On Notice of Plaintiffs' Patent Rights

27. Defendants have received actual notice from Plaintiffs of their infringement of the above-described patents. In spite of this actual notice, Defendants have continued their direct and/or contributory infringement of Plaintiffs' valuable patent rights and in willful disregard thereof, and have actively induced others to use infringing products, services, and systems or engage in processes that infringe Plaintiffs' patent rights.

### COUNT I

### (Patent Infringement of United States Patent No. 4,965,825)
### (Against All Defendants)

28. Paragraphs 1 through 27 are incorporated by reference as if fully restated herein.

29. PMC is the assignee of the '825 Patent. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of satellite communications services. The '825 Patent is attached as Exhibit 1 hereto.

30. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that directly infringe claim 17 of the '825 Patent.

31. Each of the Defendants has also contributed to and/or induced infringement of claim 17 of the '825 Patent by others.

32. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of Plaintiffs' patent rights. Plaintiffs have been harmed by Defendants' infringement and seek damages as set forth in Paragraph 1, above, and in the Prayer for Relief, herein.

## COUNT II

**(Patent Infringement of United States Patent No. 5,109,414)**
**(Against All Defendants)**

33. Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34. PMC is the assignee of the '414 Patent. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of satellite communications services. The '414 Patent is attached as Exhibit 2 hereto.

35. At least Defendant DIRECTV makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that directly infringe at least one or more of the following claims of the '414 Patent: claims 1, 2, 5 and/or 7.

36. Defendant DIRECTV has also contributed to and/or induced infringement of claims 1, 2, 5 and/or 7 of the '414 Patent by others.

37. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products and/or employs systems and/or components and/or makes use of processes that directly infringe at least one or more of claims 23 and/or 24 of the '414 Patent.

38. Each of the Defendants has also contributed to and/or induced infringement of claims 23 and/or 24 of the '414 Patent by others.

39. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of Plaintiffs' patent rights. Plaintiffs have been harmed by Defendants' infringement and seek damages as set forth in Paragraph 1, above, and in the Prayer for Relief, herein.

## COUNT III

**(Patent Infringement of United States Patent No. 5,233,654)**
**(Against All Defendants)**

40. Paragraphs 1 through 39 are incorporated by reference as if fully restated herein.

41. PMC is the assignee of the '654 Patent. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of satellite communications services. The '654 Patent is attached as Exhibit 3 hereto.

42. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that directly infringe at least one or more of claims 10 and/or 70 of the '654 Patent.

43. Each of the Defendants has also contributed to and/or induced infringement of claims 10 and/or 70 of the '654 Patent by others.

44. Each of the Defendants has acted willfully, intentionally and deliberately in derogation of Plaintiffs' patent rights. Plaintiffs have been harmed by Defendants' infringement and seek damages as set forth in Paragraph 1, above, and in the Prayer for Relief, herein.

## COUNT IV

**(Patent Infringement of United States Patent No. 5,335,277)**
**(Against All Defendants)**

45. Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

46. PMC is the assignee of the '277 Patent. Pegasus has been granted the sole right, *inter alia*, to bring suit for infringement within the field-of-use of satellite communications services, including the use of IRDs in conjunction with the provision of satellite communications services. The '277 Patent is attached as Exhibit 4 hereto.

47. Each of the Defendants makes, uses, sells, and offers to sell and/or imports into the United States for subsequent sale or use products and/or services and/or employs systems and/or components and/or makes use of processes that directly infringe at least one of claims 11 and/or 12 of the '277 Patent.

48. Each of the Defendants has also contributed to and/or induced infringement of claims 11 and/or 12 of the '277 Patent by others.

49.     Each of the Defendants has acted willfully, intentionally and deliberately in derogation of Plaintiffs' patent rights.  Plaintiffs have been harmed by Defendants' infringement and seek damages as set forth in Paragraph 1, above, and in the Prayer for Relief, herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a.      Enter judgment in Plaintiffs' favor on each cause of action stated herein.

b.      Award actual damages to Plaintiffs for said infringement, together with interest and costs pursuant to 35 U.S.C. § 284, provided that no damages are to be awarded from DIRECTV for the transmission, in accordance with the terms of the 1992 NRTC Agreement, of: (i) any HCG Controlled Programming (as defined by the 1992 NRTC Agreement); and/or (ii) any NRTC Controlled Services (as defined by the 1992 NRTC Agreement); and/or (iii) DBS Services and/or Non Select Services (each as defined in a Member Contract, which is in turn defined in the 1992 NR TC Agreement) delivered under a Member Contract.

c.      Award treble damages to Plaintiffs pursuant to 35 U.S.C. § 285 as a result of Defendants' knowing and willful infringement of the Patents-in-Suit;

d.      Enter an order declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 as a result of Defendants' knowing and willful infringement of the Patents-in-Suit, and award Plaintiffs their attorneys' fees, costs, and expenses incurred in bringing this action; and

e.      Grant to Plaintiffs such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all matters to which they are entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

                                        Respectfully submitted:

                                        **CONNOLLY BOVE LODGE & HUTZ, LLP**

Dated: October 31, 2012              By: */s/ R. Eric Hutz*
                                            R. Eric Hutz (#2702)
                                            The Nemours Building
                                            1007 N. Orange Street
                                            Wilmington, DE 19899
                                            Tel: (302) 658-9141
                                            Fax: (302) 658-5614

                                            Attorneys for Plaintiffs-Counterdefendants
                                            *Pegasus Development Corporation and*
                                            *Personalized Media Communications, L.L.C.*

**Of Counsel**
Henry C. Bunsow
hbunsow@bdiplaw.com
Craig Y. Allison
callison@bdiplaw.com
Christina M. Finn
cfinn@bdiplaw.com
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
55 Francisco Street, Suite 600
San Francisco, CA 94133
Tel: (415) 426-4747
Fax: (415) 426-4744

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2012, a true and correct copy of the foregoing **PLAINTIFFS' SECOND AMENDED COMPLAINT** was caused to be served on counsel for defendants in the manner indicated:

<u>*Via Electronic Mail*</u>
Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Stephen T. Margolin, Esquire
**ASHBY & GEDDES**
500 Delaware Avenue, 8th floor
Wilmington, DE 19801
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
*Attorneys for Philips Electronics North America Corporation*

<u>*Via Electronic Mail*</u>
Karen Jacobs Louden, Esquire
Mary B. Graham, Esquire
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 N. Market St.
Wilmington, DE 19801
klouden@mnat.com
mgraham@mnat.com
*Attorneys for DIRECTV, INC., Hughes Electronics Corporation* and *Technicolor USA, Inc.*

<u>*Via Electronic Mail*</u>
Louis L. Touton, Esquire
Steven J. Corr, Esquire
**JONES DAY**
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
lltouton@jonesday.com
sjcorr@jonesday.com
*Attorneys for Philips Electronics North America Corporation, DIRECTV, INC. and Hughes Electronics Corporation*

<u>*Via Electronic Mail*</u>
Frank P. Cote, Esquire
Martha K. Gooding, Esquire
Jesse Mulholland, Esquire
**JONES DAY**
3161 Michelson Drive
Suite 800
Irvine, CA 92612
fcote@jonesday.com
mgooding@jonesday.com
jmulholland@jonesday.com
*Attorneys for Philips Electronics North America Corporation, DIRECTV, INC., and Hughes Electronics Corporation*

<u>*Via Electronic Mail*</u>
Kevin G. McBride
**AKIN GUMP STRAUSS HAUER & FELD LLP**
633 West Fifth Street, Suite 5000
Los Angeles, CA 90071
kmcbride@akingump.com
*Attorneys for DIRECTV, INC.*

*Via Electronic Mail*
Peter C. McCabe, III, Esquire
Raymond C. Perkins, Esquire
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
pmccabe@winston.com
rperkins@winston.com
*Attorneys for Techicolor USA, Inc.*

*Via Electronic Mail*
A. J. Usher IV, Esquire
Law Office of A.J. Usher IV, LLC
P.O. Box 44126
Indianapolis, IN 46244-0126
ajusher@hotmail.com
*Attorney for Technicolor USA, Inc.*

*Via Electronic Mail*
Philip A. Rovner, Esquire
**POTTER ANDERSON & CORROON LLP**
1313 N. Market St.
Wilmington, DE 19801
provner@potteranderson.com
*Attorneys for TVG-PMC, Inc., StarSight Telecast, Inc. and Gemstar-TV Guide International, Inc.*

*Via Electronic Mail*
Roderick G. Dorman, Esquire
Marc Morris, Esquire
**MCKOOL SMITH**
865 South Figueroa Street
Suite 2900
Los Angeles, CA 90017
(213) 694-1200
rdorman@mckoolsmithhennigan.com
mmorris@mckoolsmithhennigan.com
*Attorneys for TVG-PMC, Inc., StarSight Telecast, Inc. and Gemstar-TV Guide International, Inc.*

*Via Electronic Mail*
Edward M. McNally, Esquire
**MORRIS JAMES LLP**
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
emcnally@morrisjames.com
*Attorneys for Movant, Scientific-Atlanta Inc.*

/s/ *R. Eric Hutz*
R. Eric Hutz (#2702)

5062029_1.DOCX