# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEGASUS DEVELOPMENT CORPORATION and PERSONALIZED MEDIA COMMUNICATIONS, L.L.C., | )<br>)<br>)  C.A. No. 00-1020-GMS<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  JURY TRIAL DEMANDED<br>)<br>) |
| DIRECTV, INC., HUGHES ELECTRONICS CORPORATION, THOMSON CONSUMER ELECTRONICS, INC., and PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| AND RELATED COUNTERCLAIMS | ) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR REARGUMENT REGARDING THE CONSTRUCTION OF "DECRYPTING [AN ENCRYPTED INFORMATION TRANSMISSION]"

R. Eric Hutz (#2702)
**NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP**
The Nemours Building
1007 North Orange Street
Wilmington, DE 198991
Tel: (302) 658-9141
Fax: (302) 658-5614

*Attorneys for Plaintiffs-Counterdefendants*
*Pegasus Development Corporation and*
*Personalized Media Communications, L.L.C.*

## TABLE OF CONTENTS

PAGE NO.

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A. "Decrypting" Should Not Be Construed To Include Analog Scrambling ............................................................................................................. 2

        1. An Express Disclaimer of Analog Scrambling Was Not Required ........................................................................................ 3

        2. The Court's Construction Conflicts With PTO Rulings and Patentee Disavowals in Reexamination ......................................... 3

    B. The Decrypted Information Transmission of Claim 17 Is Not The Information Transmission Recited In Claim 14 ....................................... 6

III. CONCLUSION ................................................................................................................. 6

i

## TABLE OF AUTHORITIES

PAGE NO.

**CASES**

*Conoco, Inc. v. Energy and Env't Int'l, L.C.*,
    460 F.3d 1349 (Fed. Cir. 2006)......................................................................................2

*Max's Seafood Café ex re. Lou-Ann, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999).............................................................................................2

*National Recovery Techs. Inc. v. Magnetic Separation Sys. Inc.*,
    166 F.3d 1190 (Fed. Cir. 1995).......................................................................................3

I.      INTRODUCTION

Plaintiffs Pegasus Development Corporation ("Pegasus") and Personalized Media Communications, L.L.C. ("PMC") (collectively "Plaintiffs") respectfully request that the Court reconsider its construction of the term "decrypting [an encrypted information transmission]," which the Court construed as "using digital key information to decode a digital or analog information transmission that has been encoded to prevent unauthorized access. The decrypting step may be performed by a conventional descrambler that descrambles analog television transmissions and is actuated by receiving digital key information. The decrypting must be of the entire information transmission that is recited in step (b) of claim 14." (D.I. 693 at 3.) The Court's construction involves errors of apprehension of fact and law with respect to the reexamination history of claim 17 of the '825 Patent. The resulting construction is erroneous as a matter of law because it is internally inconsistent in its reliance (or failure to rely) on the reexamination history. In adopting the requirement that "[t]he decrypting must be of the entire information transmission that is recited in step (b) of claim 14," the Court relies on a unilateral examiner statement in a single reexamination, while failing to account for the patentee's multiple statements in the reexamination and the Board of Patent Appeals and Interferences ("BPAI")'s holding that analog scrambling/descrambling is not within the scope of Claim 17's decryption. The resulting construction is faulty and thus Plaintiffs request that the Court reconsider its construction and instead find that "decrypting an encrypted information transmission" means "using a digital key in conjunction with a set of associated mathematical operations to decipher digital data. This term does not include mere descrambling of an analog television transmission."

II.     ARGUMENT

On April 1, 2013, the Court issued an Order construing the disputed terms of the four asserted patents, including three terms of asserted U.S. Patent No. 4,965,825 ("'825 patent") (Order Construing the Terms of U.S. Patent Nos. 4,965,825, 5,109,414, 5,233,654 & 5,335,277, D.I. 693 at 1-4 (hereafter "*Markman* Order")). The Court's Order relies on the various

1

reexamination proceedings in construing many of the terms at issue, and in fact, adopts language from the reexaminations where the Court determined that statements made by the patentee amounted to, in its opinion, clear and unambiguous disavowals of claim scope, for example with respect to "first processor means." *Markman* Order at 6. However, for the term "decrypting [an encrypted information transmission]," the Court adopted the construction proposed by Defendants, and in so doing, applied a misapprehension of the law and facts with respect to the reexamination history and specification of the '825 patent. The Court's construction misapprehends the doctrine of prosecution disclaimer, applying it both incorrectly and inconsistently in construing the term "decrypting [an encrypted information transmission]."

A party seeking reconsideration need only show one of the following in order for the Court to exercise its discretion to alter its earlier order: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex re. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Further, the Federal Circuit recognizes that district courts may "revisit and alter[]" claim interpretations on a "rolling" basis when "its understanding of the technology evolves." *See Conoco, Inc. v. Energy and Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006). Plaintiffs present this motion for reargument with respect to the single term "decrypting [an encrypted information transmission]" in order to correct clear error of law and fact with respect to the reexamination history of the '825 Patent and the resulting erroneous claim construction.

### A. "Decrypting" Should Not Be Construed To Include Analog Scrambling

The Court's adoption of the Defendants' proposed construction of "decrypting" relied primarily on a single ambiguous statement from the specification to conclude that analog scrambling/descrambling fall within the term's scope. However, in so doing, the Court ignored the remainder of the specification, as well as statements in reexamination by the patentee, the Board of Patent Appeals and Interferences and multiple examiners, all concluding the opposite.

### 1.   An Express Disclaimer of Analog Scrambling Was Not Required

The patentees use the term "decrypting" or its variants some 600 times in the '825 patent specification in connection with *digital* operations.  A single ambiguous statement should not trump hundreds of statements consistently evidencing that decrypt means digital only.  The Court itself notes that "the specification does generally reference the encryption and decryption of digital transmissions." *Markman* Oder at 3, n. 3.  In deciding that the one passage of the specification on which it relies leads to the conclusion that decryption includes analog descrambling, the Court applies the wrong standard.  The Court states that the *patentee* appears to have understood the term to "*encompass* 'conventional descramblers' used to 'descramble analog television transmission.'" *Markman* Order at 3, n.3.  But claims are to be given their ordinary meaning as one of skill in the art would have understood the term, not as the patentee would have, unless the Court determines that the patentee acted as his own lexicographer in defining the term differently than one of ordinary skill would understand it.  *See National Recovery Techs. Inc. v. Magnetic Separation Sys. Inc.*, 166 F.3d 1190, 1195 (Fed. Cir. 1995).  Yet the Court made no such finding here.  Further, because the Court did not determine that the ordinary meaning of the term would have included analog descrambling, there is no requirement that the patentee explicitly exclude it in order for the Court to adopt Plaintiffs' proposed construction, as the Court's Order suggests.  As the BPAI concluded, the ordinary meaning of the term "decryption" does not encompass descrambling of analog data.

### 2.   The Court's Construction Conflicts With PTO Rulings and Patentee Disavowals in Reexamination

Additionally, the Court's analysis ignores the file history completely with respect to the analog/scrambling versus digital/encryption dispute regarding this term's construction, while relying heavily on Examiner statements in the reexamination for another aspect of the construction of "decrypting [an encrypted information transmission]."  In the reexaminations of the patents-in-suit, the patentee has consistently treated "decrypting" as *digital only*, not analog.  Plaintiffs' position that "decrypting" does not include analog and/or scrambling/descrambling is

3

well-supported by the patentees' repeated statements in reexamination. Further, the BPAI's decision finding that "encryption" and "decryption" are not broad enough to read on "scrambling" and "unscrambling," did so by agreeing with the patentee's statements in the reexamination that "'encryption,' as it would have been commonly defined by one of ordinary skill in the art at the time of filing, requires a 'digital' signal." JX13 at JA 001592-93, December 8, 2008 BPAI Decision in *Ex parte* Reexamination Control 90/006,536, Appeal 2008-4228, at 53-54. In finding Claim 17 patentable, the BPAI relied on a clear distinction between "descrambling" and "decryption." Thus, the patentees' statements on which the BPAI relied amount to a clear disavowal of claim scope, to the extent one was required, such that analog scrambling/descrambling clearly fall outside of the scope of the term.

Examiners in later reexaminations did the same in confirming the patentability of Claim 17, relying on the BPAI's construction and the patentee's statements. In Reexamination Control No. 90/010,709, the patentee again contrasted analog scrambling and digital encryption in distinguishing the alleged prior art reference Bond. "Bond fails to teach that any information transmission is encrypted. To the contrary, the Bond reference teaches receiving a baseband scrambled video signal. ***This information transmission is an analog scrambled signal; it is not an encrypted digital signal***." JX14 at JA 001664, Control No. 90/010,709, March 3, 2009 Timely Statement by Patent Owner at 9. Claim 17 was confirmed as patentable. JX17 at JA 001700, Control No. 90/010,709, July 19, 2012 Notice of Intent to Issue a Reexamination Certificate at 3.

Finally, in the latest Notice of Intent to Reissue a Reexamination Certificate for the '825 Patent, after expressly noting that the prior BPAI decision found that "encryption" requires a digital signal, the Examiner agreed that substituting digital encryption for analog scrambling is not a simple substitution, and rather would require replacing a system of one scope (analog scrambling) with a system of another scope (digital encryption), which would render the analog scrambling teachings of the first meaningless. The Examiner agreed with and relied on the patentee's statements in so concluding:

4

> Regarding the first rationale, the requester asserts that the substitution of Wyner's digital encryption for Aminetzah's analog scrambling would have achieved a predictable result of providing a more secure transmission (as taught by Wyner) and an improved, more secure method of conveying the needed control codes (as taught by Aminetzah), (TPR Reply at 16). However, the examiner agrees with the patent owner that such a substitution would effectively involve replacing Aminetzah's system with that of Wyner, and because the embedded signals are specifically required for the analog scrambling conducted by the Aminetzah system, the teachings of Aminetzah relied upon to meet the elements in canceled parent claim 14 would be apparently meaningless after the proposed substitution, (PO Statement at 10-12).
>
> * * *
>
> As in the proposed Aminetzah/Wyner combination, the proposed combination of Aminetzah/Doland involves more than a simple substitution of elements. ***Once the analog television signal scrambling of Aminetzah is replaced with digital encryption of a digital television signal***, there would be very little of Aminetzah's original system left, and the teachings of Aminetzah relied upon to teach several of the elements in canceled parent claim 14 would be eliminated or rendered meaningless.

JX20 at JA 001766, Control No. 90/011,274, October 4, 2011 Notice of Intent to Issue Reexam Certificate at 6-7.

The patentee's disclaimer of analog scrambling/descrambling during the reexamination prosecution was clear, consistent and unmistakable. Just as where the Court applied the doctrine of prosecution disclaimer in adopting limiting language to other disputed claim terms (*e.g.* "first processor means"[1]), the doctrine of prosecution disclaimer applies equally in this context – "analog descrambling" must not be included within the scope of "decryption."

---

[1] "While the doctrine of prosecution disclaimer does not apply where the allege disavowal is ambiguous, the court reads PMC's reexamination arguments as clearly and unequivocally limiting claim scope, and the PTO relied on these statement to overcome prior art." *Markman* Order at 7, n. 6 (internal citation omitted).

5

### B. The Decrypted Information Transmission of Claim 17 Is Not The Information Transmission Recited In Claim 14

In requiring that the decryption of Claim 17 be of the "the entire information transmission that is recited in step (b) of Claim 14," the Court acknowledged that the patentee "never expressly linked the 'encrypted information transmission' of Claim 17 to the 'information transmission' recited in step (b) of Claim 14." *Markman* Order at 4, n.3. While the Court notes that there may nonetheless be some evidentiary value in the examiner's statement on which it relies despite its likely qualification as a "unilateral examiner statement," the Federal Circuit quotation which the Court cites speaks to an examiner's understanding of the term at the time of filing. Here, the examiner's statement made in reexamination was not made at the time of filing, but rather was made in 2010 – nearly 23 years after the date of filing. Thus, it was improper for the Court to rely on the Examiner's unilateral statement in narrowly construing the claim limitation, especially where the Examiner's statements and reasoning on which the Court relied assumed a construction of "decrypting" which is opposite to that which the Court adopted here. That is, the Court adopts only the unilateral aspect of the Examiner's statement, but rejects the premise on which it relies (that decryption does not include descrambling) which is supported by the patentee's arguments.

### III. CONCLUSION

Because the Court's construction of "decrypting [an encrypted information transmission]" is internally inconsistent in its reliance on and application of statements made by the patentee, the BPAI and the PTO in reexamination, the construction is erroneous as a matter of law and should be revised. Plaintiffs thus respectfully ask this Court to construe the term "decrypting [an encrypted information transmission]" to exclude analog and scrambling/descrambling from its scope, as the patentee's clear disavowals in the prosecution history require. Further, Claim 17 should not be construed to require that "[t]he decrypting must be of the entire information transmission that is recited in step (b) of claim 14." Plaintiffs request that the Court adopt the following construction: "decrypting an encrypting information

6

transmission" means "using a digital key in conjunction with a set of associated mathematical operations to decipher digital data. This term does not include mere descrambling of an analog television transmission."

Dated: April 15, 2013                                              Respectfully Submitted,

By: */s/ R. Eric Hutz*
R. Eric Hutz (#2702)
**NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP**
The Nemours Building
1007 North Orange Street
Wilmington, DE 198991
Tel: (302) 658-9141
Fax: (302) 658-5614

*Of Counsel:*

Henry C. Bunsow
hbunsow@bdiplaw.com
Craig Y Allison
callison@ bdiplaw.com
Christina M. Finn
cfinn@ bdiplaw.com
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
55 Francisco Street, 6th Floor
San Francisco, CA 94133
Tel: (415) 675-8889
Fax: (415) 675-8892

7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2013, a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR REARGUMENT REGARDING THE CONSTRUCTION OF "DECRYPTING [AN ENCRYPTED INFORMATION TRANSMISSION]"** was caused to be served on counsel for defendants in the manner indicated:

*Via Electronic Mail*
Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Stephen T. Margolin, Esquire
Andrew C. Mayo, Esquire
**ASHBY & GEDDES**
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Philips Electronics North America Corporation*

*Via Electronic Mail*
Louis L. Touton, Esquire
Steven J. Corr, Esquire
**JONES DAY**
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
lltouton@jonesday.com
sjcorr@jonesday.com

*Attorneys DIRECTV, INC., and Hughes Electronics Corporation and Philips Electronics North America Corporation*

*Via Electronic Mail*
Karen Jacobs Louden, Esquire
Mary B. Graham, Esquire
Michael J. Flynn, Esquire
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 N. Market Street
Wilmington, DE 19801
klouden@mnat.com
mgraham@mnat.com
mflynn@mnat.com

*Attorneys for Technicolor USA, Inc., DIRECTV, INC., and Hughes*

*Via Electronic Mail*
Frank P. Cote, Esquire
Martha K. Gooding, Esquire
Jesse Mulholland, Esquire
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA 92612
fcote@jonesday.com
mgooding@jonesday.com
jmulholland@jonesday.com

*Attorneys for DIRECTV, INC., and Hughes Electronics Corporation and Philips Electronics North America Corporation*

<u>*Via Electronic Mail*</u>
R. Trevor Carter, Esquire
Andrew M. McCoy, Esquire
**FAEGRE BAKER DANIELS**
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750
trevor.carter@faegreBD.com
andrew.mccoy@FaegreBD.com

*Attorneys for Technicolor USA, Inc.*

<u>*Via Electronic Mail*</u>
Philip A. Rovner, Esquire
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street
Wilmington, DE 19801
provner@potteranderson.com

*Attorneys for TVG-PMC, Inc., StarSight Telecast, Inc. and Gemstar-TV Guide International, Inc.*

<u>*Via Electronic Mail*</u>
Brian M. Poissant
Oginian V. Shentov
Sharyl A. Reisman
Frederick L. McKnight
**JONES DAY**
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939
bmpoissant@jonesday.com
ovshentov@jonesday.com
sareisman@jonesday.com
fmcknight@jonesday.com

*Attorneys DIRECTV, INC., and Hughes Electronics Corporation and Philips Electronics North America Corporation*

<u>*Via Electronic Mail*</u>
A. J. Usher IV, Esquire
**Law Office of A.J. Usher IV, LLC**
P.O. Box 44126
Indianapolis, IN 46244-0126
ajusher@hotmail.com

*Attorney for Technicolor USA, Inc.*

<u>*Via Electronic Mail*</u>
Roderick G. Dorman, Esquire
Marc Morris, Esquire
**MCKOOL SMITH**
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
rdorman@mckoolsmithhennigan.com
mmorris@mckoolsmithhennigan.com

*Attorneys for TVG-PMC, Inc., StarSight Telecast, Inc. and Gemstar-TV Guide International, Inc.*

<u>*Via Electronic Mail*</u>

Kevin G. McBride, Esquire
**AKIN GUMP STRAUSS HAUER & FELD LLP**
633 West Fifth Street, Suite 5000
Los Angeles, CA  90071-2081
kmcbride@akingump.com

*Attorney DIRECTV, INC., and Hughes Electronics Corporation and Philips Electronics North America Corporation*

/s/ *R. Eric Hutz*
R. Eric Hutz (#2702)

9